BRUMFIELD v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 77-3479. Submitted November 3, 1978, at Detroit.—Decided February 7, 1979.

Paul V. Brumfield brought an action against Detroit Automobile Inter-Insurance Exchange in Wayne Circuit Court for reimbursement of Social Security benefits deducted by defendant in paying survivor's loss benefits under a section of the Michigan no-fault insurance act. Summary judgment for plaintiff, Theodore R. Bohn, J. Defendant appeals. *Held:*

The amount of benefits payable under any no-fault insurance policy may be reduced by the amount of benefits payable to a beneficiary by the state or Federal government without violation of the due process or equal protection clauses of the state or Federal constitutions.

Reversed.

AUTOMOBILES — INSURANCE — NO-FAULT — BENEFICIARIES — REDUCTION OF BENEFITS — STATUTES.

A section of the Michigan no-fault insurance act which allows the amount of benefits payable under any no-fault insurance policy to be reduced by the amount of benefits payable to a beneficiary by the state or Federal government is constitutional (MCL 500.3109[1]; MSA 24.13109[1]).

*Draugelis, Ashton & Scully,* for plaintiff.

*Selby, Dickinson, Pike, Mourad & Brandt* (by *Sarah Wildgen Sweet*), for defendant.

Before: N. J. KAUFMAN, P.J., and V. J. BRENNAN and BASHARA, JJ.

PER CURIAM. Plaintiff filed an action in the

REFERENCE FOR POINTS IN HEADNOTE
New Topic Service Am Jur 2d, No-Fault Insurance § 22.

Wayne Circuit Court for reimbursement of Social Security benefits deducted by defendant in paying survivor's loss benefits under MCL 500.3109(1); MSA 24.13109(1) of the "no fault" insurance act. The defendant appeals from an order of the trial court granting summary judgment to the plaintiff.

This issue has been litigated several times before the Court of Appeals. Most of the decisions have adopted the rationale or result obtained in the majority opinion in *O'Donnell v State Farm Mutual Automobile Ins Co,* 70 Mich App 487; 245 NW2d 801 (1976). However, the Supreme Court, in a very recent opinion, has reversed this Court's holding in *O'Donnell,* 404 Mich 524; 273 NW2d 829 (1979). In view of the pronouncement of the Supreme Court, we accordingly reverse the decision of the trial court granting summary judgment and remand for entry of an order consistent with the opinion of the Supreme Court.

Reversed.